In the United States District Court
for the Eastern District of Virginia
Alexandria Division

Virginia

IN THE FEDERAL COURT

FILED

2009 NOV -6 P 4:32

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

SU ZAN PARK (Pro se)
410 Berry St. SE
Vienna, VA 22180

    Plaintiff,

    v.

Branch Banking & Trust Co. of Virginia
CT Corporation Systems
Suite 301
4701 Cox Road
Glen Allen, Virginia 23060

    and

Ji Won Kim
#33130112
CI McRae Correctional Institution
PO Drawer 30
McRad, Georgia 31055

    and

Chang Yun Jeun
#72012083
Federal Correctional Institution
14601 Burbridge Rd, S.E
Cumberland, Maryland 21502

    and

Greg Nosar
Branch Banking & Trust Co. of Virginia
Annandale Branch / Tysons Corner
8200 Greensboro Drive, 10th Floor
McLean, Virginia 22102

) CASE NO. 1:09CV1253-LMB/TCB
)
) COMPLAINT FOR:
)
) 1. FRAUD
) 2. RESCISSION
) 3. CIVIL CONSPIRACY:
) 4. RACKETEERING
)    INFLUENCED AND
)    CORRUPT ORGANIZATION
)    ACT 18 U.S.C. SECTION
)    1962 (C) - RACKETEERING
) 5. ROCKETEERING
)    INFLUENCED AND
) CORRUPT OR ORGANIZAION
)    ACT (D) - CONSPIRACY
)
) 6. USA PATRIOT ACT
)    SECTION 326
)

Defendants,

## COMPLAINT

Plaintiff Su Zan Park complains against defendants BB&T, Ji Won Kim, Chan Yun Jeun and Greg Nosar as follows:

## PARTIES

Su Zan Park is a resident of Virginia, 410 Berry St, S.E Vienna, Virginia 22180

## BB&T Defendant

BB&T (referred as "Branch Banking & Trust Co.) is a corporation organized under the laws of the State of North Carolina, and has its principal place of business in nationwide. At all relevant times, BB&T has acted as a lender that relies upon loan applications and other documentation submitted by a borrower, including but not limited to income documentation, bank statement and loans money and receives mortgages to secure said loans. BB&T is a retail lender. Therefore, BB&T has own employees to conduct loan transaction. Without exception, BB&T employees must contact with borrower directly to approve the loan as well as to verify their identification. BB&T employees order and receive the loan applications, title documents, appraisal reports and other information.

## Ji Won Kim Defendant

On information and belief, defendant Ji Won Kim (sometimes referred to as "Raymond Kim") was a resident of the State of Virginia.

On information and belief, defendant Ji Won Kim was a mortgage agent who receives a loan application from the borrower and contacts the appraiser. Once he receives all the documents, defendant Ji won Kim submit them to the wholesale mortgage lenders. In those cases there was no direct contact between wholesale mortgage lender and the borrower.

On information and belief, currently defendant Ji won Kim is incarcerated in MCRAE Federal Prison due to bank fraud and money laundry.

### Chang Yun Jeun Defendant

On information and belief, defendant Chang Yun Jeun was a resident of the State of Virginia.

On information and belief, defendant Chang Yun Jeun was an employee of BB&T in year 2004 and 2005. Defendant Chang Yun Jeun was titled as a Financial Center Leader (referred as Branch Manager) and worked at 5203 Franconia Rd. Alexandria Virginia.

On information and belief, currently defendant Chang Yun Jeun is incarcerated in Cumberland Federal Prison in Maryland due to bank fraud conspired with defendant Ji Won Kim.

### Greg Nosar Defendant

On information and belief, defendant Greg Nosar is a resident of the State of Virginia.

On information and belief, defendant Greg Nosar has been working for BB&T Bank as a loan officer since year 2002.

On information and belief, defendant Greg Nosar is currently working at

Annandale Branch/ Tysons Corner 8200 Greensboro Drive, 10th Floor McLean, Virginia 22102.

## AGENCY

Each of the defendants named herein was the agent and or employee of the remaining defendants and in doing the acts alleged herein were acting within the course and scope of said agency.

## ALTER EGO

Each of the individual defendants who were or are the corporate/limited company, defendants was and is the alter ego of said corporate/limited liability companies.

## INTRODUCTORY ALLEGATIONS

This lawsuit concerns loans that the defendants fraudulently created through BB&T Financial by conspiring internally between the defendants and other internal BB&T operations to include the appraiser process and loan application review and approval process. The defendants defrauded Plaintiff Suzan Park by helping to create or by submitting loan applications and documents, and appraisals, on which Su Zan Park relied to its detriment that misrepresented material facts and injured Su Zan Park. Defendants organized numerous loan transactions which were based on fraudulent, false and inaccurate loan applications and on greatly inflated appraisals to fraudulently induce the loans..

## THE FRAUDULENT SCHEME

On information and belief, the fraudulent scheme which is the subject of this action typically worked as follows: Ji Won Kim, and other individuals working

for BB&T, aided in convincing SuZzan Park and her husband Chan W An that they could better improve their life and future by making certain land and home purchases. JI Won Kim, with the assistance of loan officers; Chang Yun Jeun and Greg Nosar of BB&T and others informed and aided in producing over 3.2 million dollars in fraudulent loans in a four months span. Each defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

Because BB&T bank is a retail lender, they must abide by the state and federal banking regulation. One of the banking regulations that BB&T violated was they never bother to contact the borrower at that time when the application was submitted by the mortgage broker. The loan officer at BB&T must contact the borrower to verify the information which was submitted by the mortgage broker, Ji Won Kim.

Under the **US Patriot Act SECTION 326,** BB&T employees should have met with the borrower directly to check the identification and to verify the information on the loan application.

Aforementioned loan procedures cannot be done through a third party such as a mortgage broker.

During the period February through November, 2005, defendants prepared, submitted, participated in and conspired regarding numerous loan applications which were fraudulent. The specific loan transactions, and the misrepresentations and material facts

associated therewith are summarized below.

In December 08, 2004, Suzan Park decided to purchase a house located at 15424 Leeds Hill Way, Woodbridge, Virginia. Su Zan Park submitted loan application and other documents through Ji Won Kim who was a mortgage agent to apply for a mortgage loan. Ji won Kim applied loan through Express Capital Lending – wholesale lender – and lender approved 1st loan of $374,500.00 and 2nd loan of $107,000.00. In December 29, 2005, settlement was held and Suzan Park closed the deal.

In or about 2/2005 Ji Won Kim having access to Suzan Park's personal information processed a line of credit in behalf of Suzan Park. Ji Won Kim contacted Chang Yun Jeun who was a Financial Center Leader in BB&T to apply for Line of Credit. This line of credit was processed without any credit application being taken from Suzan Park, the owners of Woodbridge property, reviewed by BB&T staff and closed without even the knowledge of Suzan Park until she received a checkbook from BB&T. At this time once again JI Won Kim convinced Su Zan Park this was done because of her excellent credit rating and could be applied to make improvements to further their equity in the Woodbridge property without any adverse effects to her life or credit. Ji Won Kim encouraged the Su Zan Park to continued looking for investment opportunities which he would be happy to take care of for Suzan Park's family.

In or about 01/19/2005, Su Zan Park and Chan W An try to purchase a house located at 410 Berry Street SE Vienna, VA 22180. This was a house in distress but located in a very

desirable location with a lot of future possibilities in regards to property location and possible home development.

Su Zan Park and her husband Chan W An pursued this purchase but were turned down for

financing through their realtor's financial organization. Suzan Park and her husband Chan W An once again contacted Ji Won Kim concerning the mortgage loan. Once again Mr. Kim contacted defendant Chang Yun Jeun at BB&T and they prepared paperwork to make this purchase work. A retail loan agreement was arranged in the form of a line of credit on the property which was about to purchase by Chan W An and Su Zan Park.

BB&T hired an appraiser to fabricate the needed document to substantiate the loan process, never once did BB&T a retail lender contact Su Zan Park and Chan W An to confirm any of the loan documents. Su Zan Park and Chan W An believed that Ji Won Kim had a full control on this loan transaction because Ji Won Kim acted as if BB&T Bank was a wholesale lender. Since BB&T is a retail lender it is required for them to work directly with the buyer not the mortgage agent but in all of these cases, Loan officers at BB&T worked directly with the Mortgage agent Mr. Ji Won Kim. Mr. Chan W An never signed loan application prior to the arrangement of the loan. Ji Won Kim falsified and exaggerated Chan W An's personal information and submitted to BB&T Bank through Chang Yun Jeun. Without verifying those documents BB&T approved Line of Credit amount of $500,000.00 before even bought the house. Each defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

Once again BB&T was able to make the appraisal match their needs to process a loan in the amount of $500,000.00. The house and land equaled an inflated value of $625,000.00 which Suzan Park and Chan W An produced a $125,000.00 down payment and received a loan of the balance. Ji Won Kim then explained once this loan had been processed it would be easy to convert the loan to a construction to permanent loan which would enable them to immediately demolish the existing house and build a new one which is exactly what Mr. Kim with the assistance of BB&T did.

In or about 04/15/2005, Suzan Park and Chan W An decided to apply for construction loan to build a house. Su Zan Park and Chan W An contacted with Ji Won Kim. In this transaction Ji Won Kim acted as if BB&T was a wholesale lender again.
. Ji Won Kim contacted BB&T loan officer Greg Nosar and Ji Won Kim and Greg Nosar worked together to generate all the documents to produce this loan to include application, appraisal and also reviewed by BB&T underwriting department. Once again upon later review, it was found that the loan application and appraisal documents were made fraudulently. Greg Nosar contacted same appraiser who appraised Vienna first loan to inflate a value of the property. In this transaction, the right to rescind or cancel settlement document was unsigned by both parties, was not disclosed or given, as required by Title 12 Code of Federal Regulation, Section 226.18 et seq. Plaintiff is specifically in the class of persons this statute was designed to protect. As a direct, proximate, and foreseeable result of Defendants failure to provide proper notice/disclosure, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

In or about Mar-11-2005, Ji Won Kim bought a vacant land ($1,100,000.00) in

Marco Island Florida. Same day Raymond Kim flipped the property to Chan W An and Suzan Park ($1,570,000.00.).The land value was inflated over $400.000.00 in one day. Ji Won Kim and Chan An and Su Zan Park signed the sales contract. Plaintiff made a deposit

amount of $10,000.00. In this transaction Ji Won Kim was acting like mortgage broker again. Ji Won Kim contacted loan officer Greg Nosar in BB&T again to apply for land and construction loan for Chan W An. Ji Won Kim was a seller who tried to flip the property in one day over $400,000.00. BB&T Bank and loan officer knew that fact but they ignored and gave a favor to Ji Won Kim. Chan W An filled out a loan application with Ji Won Kim and Ji Won Kim submitted the loan application to BB&T loan officer Greg Nosar after falsify all the information. Greg Nosar knew that the loan application was falsified by Ji Won Kim but Mr. Nosar began to process that loan to help Ji Won Kim to flip his vacant land. Ji Won Kim and Greg Nosar worked together in Vienna loan so they had no problem to process for this loan. Greg Nosar pushed appraiser to inflate a value of the land and also Mr. Nosar gave a phone number to Ji Won Kim to call the appraiser to inflate a value even though Ji Won Kim was a seller in this transaction. <u>BB&T bank approved the loan based on deliberately falsified information.</u>
In or about 11/10/2005 Chan W An and Ji Won Kim had a settlement.

## **DAMAGES SUFFERED BY MR. AN AND SU ZAN PARK**

On information and belief, the damages suffered By Mr. Chan W An and Susan Park which is the result of the fraudulent scheme are as follows:

The plaintiff actually suffered damages in the following order:

The first actual loss damage occurred with the Florida property in the form of cash out of pocket for $10,000.00 in honest money, $420,000.00, in the form of a cashiers check for the down payment, $62,000.00 made out to Pinnacle Builder as a construction deposit and finally $156,000.00 worth of monthly mortgage payments made to BB&T for nearly two years : January 2006 until December 2007.

The plaintiff has additionally incurred substantial attorney fees and investigation expenses to include additional travel expense to Florida in the total sum of $ 20,000.00. Upon realization and discovery of the fraudulent scheme, the plaintiff has additionally incurred substantial financial loss in the form of after making payments for two years to BB&T for a house that was never going to be built, not the act of the plaintiff, BB&T proceeded to file and foreclosed on said property leaving the plaintiff with possible judgment against them. BB&T foreclosed this subject property on February 2009. The plaintiff has also suffered substantial damage to not only their credit but also personal reputation as well. This fraudulent scheme was a key trigger to the additional losses of properties and finances.

The second actual loss and damage occurred with the Vienna property in the form of cash out of pocket for honest deposits in the total amount of $10,000.00 and $120,000.00 in the form of a cashiers check for the down payment made to BB&T. $156,000.00 worth of monthly mortgage payments made to BB&T for nearly two years : January 2006 until November 2007 and $500,000.00 worth of construction expense. BB&T has foreclosed the subject property on September 18, 2009. The plaintiff has also suffered substantial

damage to not only their credit but also personal reputation as well. This fraudulent scheme was a key trigger to the additional losses of properties and finances.

The third actual loss and damage occurred with the Woodbridge property in the form of cash out of pocket for honest deposit in the total amount of $10,000.00 and $100,000.00 in the form of a cashiers check for the down payment. BB&T foreclosed this subject property on December 2, 2008.

The plaintiff has also suffered substantial damage to not only their credit but also personal reputation as well. This fraudulent scheme was a key trigger to the additional losses of properties and finances.

## COUNT I

## FRAUD

### (against all defendants)

Su Zan Park repeats and realleges all the allegations contained in paragraphs 1 through ?, inclusive, as though fully set forth herein. All defendants have conspired and have combined both omissions and active misrepresentations in order to defraud Suzan Park and Chan W An. Moreover, all defendants owed a duty to disclose the truth to Suzan Park and Chan W An due to their relationships with Suzan Park and Chan W An as a client or customer.

All defendants omitted and/or misrepresented certain material facts to Suzan Park and Chan W An. Generally, for each transaction, the parties misrepresented:
(a) that the properties were valued and appraised at stated values;

(b) that BB&T Bank was wholesale lender;

(c) that BB&T employees received a loan documents from mortgage agent;

(d) that BB&T underwriter never verified Chan W An's loan documents;

(e) that title was vested in the borrowers at the time the title commitments were issued;

(f) that the mortgage documentation and information provided was true;

(g) that the income and employment documentation provided was true;

485. Defendants made these misrepresentations and omissions with knowledge of their falsity or with such utter disregard and recklessness as to whether they were true or false that knowledge may be inferred. Defendants further intended that Suzan Park and Chan W An rely on these misrepresentations, as demonstrated by their having certified false statements and misrepresentations in the documents they submitted to BB&T Bank.

486. These misrepresentations were material because they contained information on which Suzan Park and Chan W An relied directly in order to decide whether to buy the House.

As described above, Su Zan Park and Chan W An suffered damages in an amount to be proven at the time of trial, but reasonably believed to exceed $1,000,000.00 as a result of its reliance on the defendants' misrepresentations. Suzan Park and Chan W An would not have applied the loans to the BB&T had it known the truth.

In engaging in this fraudulent conduct, and in agreeing and conspiring among themselves to engage in this conduct, Defendants acted despicably, with oppression, fraud and malice, with the purpose and intent of inducing Su Zan Park and Chan W An to

apply the loans referred to herein. Su Zan park and Chan W An thus entitled to punitive damages in an amount sufficient to deter Defendants from such wrongful conduct in the future.

On information and belief, the defendants have partially dissipated or hidden, and will continue to dissipate and hide other borrower's loan proceeds unless injunctive relief is granted by this court. Each borrower has a legitimate interest that deserves the protection of equity, there being no adequate remedy at law; irreparable injury is immediately threatened; Su Zan park and Chan W An has a likelihood of success on the merits, and the balance of hardships and the public interest weigh decidedly in favor of Su Zan Park and Chan W An.

## COUNT II

## RESCISSION

### (against Defendants BB&T)

Su Zan Park and Chan W An repeat and reallege paragraphs 1 through 489, inclusive, as though set forth in full herein.

Defendants omitted and/or misrepresented material facts as alleged above. Defendants made these misrepresentations with knowledge of their falsity or had such means to know whether they were true or false. Further, Defendants made these misrepresentations with intent that Su Zan Park and Chan W An would rely upon them.

These misrepresentations were material because they contained misinformation on which plaintiff relied directly in order to decide whether to borrow each of the loans. Plaintiff justifiably relied on the misrepresentations because, among other things,

Ji Won Kim, Chang Yun Jeun, Greg Nosar, and BB&T underwriter certified that the information they conveyed was true, and was fraudulently induced to make the subject loans by reason of its justifiable reliance on these misrepresentations.

Because plaintiff would not have borrowed the BB&T defendant's money if they had known the truth and it is entitled to the equitable remedy of rescission as to the following loans.

On information and belief, the defendants have partially dissipated or hidden, and will continue to dissipate and hide, other borrower's loan proceeds unless injunctive relief is granted by this court. Each borrower has a legitimate interest that deserves the protection of equity, there being no adequate remedy at law; irreparable injury is immediately threatened; Su Zan park and Chan W An has a likelihood of success on the merits, and the balance of hardships and the public interest weigh decidedly in favor of Su Zan Park and Chan W An.

## COUNT III

## CIVIL CONSPIRACY

**(against all defendants)**

Su Zan Park and Chan W An repeat and reallege paragraph 1 through 495, inclusive, as though fully set forth herein.

All of the defendants formed a malicious combination in order to cause injury to plaintiff. As described above, certain defendants acted unlawfully and independent of the actual conspiracy in order to further the goal of the conspirators.

Su Zan Park and Chan W An suffered damages in an amount to be proven at the time of trial but reasonably believed to exceed $1,000,000.00 as a result of the conspiracy.

In engaging in their fraudulent conduct, and in agreeing and conspiring among themselves to engage in this conduct, Defendants acted despicably, with oppression, fraud and malice, with the purpose and intent of inducing plaintiff to borrow the money referred to herein. Plaintiff thus entitled to punitive damages in an amount sufficient to deter defendants from such wrongful conduct in the future.

## COUNT IV

## RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C. SECTION 1962(c) - RACKETEERING

### (against all defendants)

Chan W An and Su Zan Park repeat and reallege paragraphs 1 through 525, inclusive, as though fully set forth herein.

All defendants have violated 18 U.S.C. Section 1962(c) because they have engaged in the conduct of fraudulent act through a pattern of racketeering activity.

The defendants are persons within the meaning of 18 U.S.C. Section 1961(3).

The defendants were part of an association-in-fact that engaged in the business of mortgage loans and other activities affecting interstate commerce.

The defendants conducted or participated in the conduct of this association-infect.

In particular, Ji Won Kim masterminded the scheme to defraud Chan W An and Su Zan Park by directing the BB&T Employee and Appraisers providing false information and documentation. The Appraiser Defendants participated primarily by producing falsely inflated appraised values for the properties.

The enterprise's activities constituted a pattern within the meaning of 18 U.S.C. Section 1961(5) because they occurred at least twice within ten years. The acts related to each other in that their ultimate end was to fraudulently induce Chan W An and Su Zan Park to borrow a funds. This conduct is continuous because each defendant either repeated it with several loan applications to BB&T and/or threatened to repeat it indefinitely, as demonstrated by the multiple properties.
Loans were fraudulently applied by Ji Won Kim, Chang Yun Jeun, Greg Nosr, and BB&T Bank.

The defendants' acts constituted racketeering within the meaning of 18 U.S.C. Section 1961(1)(B) because they included wire fraud in violation of 18 U.S.C. Section 1343 and mail fraud in violation of 18 U.S.C. Section 1341.

The defendants committed wire fraud by participating in a scheme to defraud by using electronic wire carriers, or knowingly causing the use of electronic wire carriers, to effectuate this scheme. Further, the defendants committed mail fraud by participating in a scheme to defraud by using the U.S. mail to effectuate the scheme. In particular, Ji Won Kim sent fake documents to defendants through the U.S. mail for the purpose of converting and diverting loan proceeds.

The defendants' conduct has injured and damaged Chan W An and Su Zan Park because of plaintiff obtained loan which was inflated by defendants.

. Defendants' conduct has also harmed the general public, and threatens continued harm.

## COUNT V

### RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS

## ACT 18 U.S.C. SECTION 1962(D) - CONSPIRACY

### (against all defendants)

Chan W An and Suzan Park repeats and realleges paragraphs 1 through 534, inclusive, as though fully set forth herein. All defendants are persons within the meaning of 18 U.S.C. Section 1961(3).

The defendants have violated 18 U.S.C. Section 1962(d) because they agreed to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity, or agreed to assist or profit from such conduct or participation. In addition, the defendants knew their conduct or the conduct of their co-conspirators constituted a pattern of racketeering activity.

Each conspiring defendant knew their own and the other defendants' predicate acts were part of a pattern of racketeering activity because of the similarity and frequency of the events in the scheme

WHEREFORE, Chan W An and Su Zan Park respectfully requests judgment against the defendants, and each of them, as follows:

On the First and Third Counts:

For damages in an amount to be proven at the time of trial but reasonably believed to exceed $1,000,000.

For punitive damages in an amount sufficient to deter defendants from such wrongful conduct in the future;

On the Second Count:

For an order requiring defendants to refund and make restitution to Chan W An and Su Zan Park of all monies paid by Chan W An and Su Zan Park for the loans on the

properties;

On the Four and Five Counts:

For damages in an amount to be proven at the time of trial but reasonably believed to exceed $1,000,000.00.

For treble damages under 18 U.S.C. Section 1964(c);

On the First, Second, Third Counts:

For a declaration that a constructive trust be imposed upon the defendants and each of their agents, employees and attorneys, for the funds loaned by BB&T in connection with the above loan transactions.

For the entry of a Temporary Restraining Order, as well as a Preliminary and Permanent Injunction, restraining and prohibiting the defendants and each of their agents, employees and attorneys and those acting in active concert or participation with them, from distributing, moving, dissipating or otherwise changing the location or nature of the funds paid out by Chan W An and Su Zan Park in connection with the loan transactions;

For an order requiring the defendants to refund and make restitution to Chan W An and Su Zan Park of all monies paid by Chan W An and Su Zan Park for the loans on the properties in the above transactions;

Upon such payment, for an order rescinding the notes and mortgages given to Su Zan Park and Chan W An on the properties in the loan transactions, and restoring the parties to the status quo prior to the funding of the loans.

For such equitable and injunctive relief pending judgment that the Court deems just and proper.

*Su Zan Park*
*410 Berry St. SE*
*Vienna, VA. 22180*
*703-869-7696*